NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-2159

MAMADOU COULIBALY,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA A099-590-208)

Before: McKEE, *Chief Judge*, AMBRO and
JORDAN, *Circuit Judges*

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2014

(Opinion filed:  March 20, 2014)

OPINION

McKEE, *Chief Judge*.

Mamadou Coulibaly petitions for review of a final order of removal issued by the

Board of Immigration Appeals dismissing his appeal. For the reasons that follow, we will

deny Coulibaly's petition for review.

**I.**

Because we write for the parties only, we need not recite the facts or procedural

history of this case.

Coulibaly's applications for adjustment of status and waiver of grounds of inadmissibility are governed by the REAL ID Act. Pursuant to that Act, an adverse credibility determination can be based on inconsistencies "without regard to whether an inconsistency . . . goes to the heart of the applicant's claim," but these inconsistencies must be considered as part of "the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii).

We have not addressed the REAL ID Act's credibility provisions in a precedential opinion, and we need not do so now because, even absent the BIA's adverse credibility determination, Coulibaly's application for relief fails on the merits.

Coulibaly bore the burden of establishing by clear and convincing evidence that he is lawfully present in the United States pursuant to a prior admission. 8 U.S.C. § 1229a(c)(2)(B). However, this record fails to establish by any metric, let alone by clear and convincing evidence, that Coulibaly was previously admitted. Accordingly, the record does not compel reversal of the determination that Coulibaly failed to carry his burden of proof. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Accordingly, we will deny the petition for review.